### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

ROGELIO BOLUFE IZQUIERDO,

     Petitioner,

v.                                                                      No. 26-cv-0270 KWR-KRS

WARDEN, *et al*,

     Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court following Plaintiff Rogelio Bolufe Izquierdo's failure to prosecute this *pro se* civil rights action and comply with the prior Order. Plaintiff initiated this case by filing a Civil Rights Complaint (Doc. 1) while he was an immigration detainee at the Torrance County Detention Center (TCDC). The Civil Rights Complaint relates to Plaintiff's conditions at TCDC. At the time of filing, Plaintiff was also prosecuting a separate 28 U.S.C. § 2241 habeas proceeding challenging the fact/duration of his immigration detention. *See Bolufe Izquierdo v. Ortiz et al,* 25-cv-1304 JB-SCY. In February of 2026, another *pro se* individual named Haymel De La Vega started submitting pleadings on Plaintiff's behalf in this civil rights case. *See, e.g.,* Doc. 7. Plaintiff also severed contact with the Court after his removal from the United States. *See* https://locator.ice.gov/odls/#/results (reflecting Plaintiff is no longer in custody at TCDC).

By an Order entered June 17, 2026, the Court required Plaintiff to notify the Clerk of his current address as required by local rule. *See* Doc. 8; *see also* D.N.M. LR-Civ. 83.6 (noting that all parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of their current

address).   The Order clarifies that *pro se* party Haymel De La Vega cannot respond on Plaintiff's behalf or submit filings in this civil rights action.   The Order states that any response must be personally signed by Plaintiff (Rogelio Bolufe Izquierdo).   *See* Doc. 8 at 1 (emphasis added).   The Order also warns that the Court will not consider filings from *pro se* party Haymel De La Vega - who was assisting Plaintiff as a Next Friend in the closed 28 U.S.C. § 2241 habeas proceeding - because Haymel De La Vega does not have authority to submit documents on behalf of Plaintiff in this civil rights proceeding.   *Id.*   The Order states that the failure to comply with these instructions may result in dismissal without further notice.

The deadline for Plaintiff to personally sign and file a notice reflecting his current address expired on July 8, 2026.   Plaintiff did not comply.   Instead, a Response (Doc. 10) was mailed from Haymel De La Vega's address in Miami, Florida.   *Compare* Doc. 10 (response in this case, which lists the return address as 5085 NW 7th Street Apt 402 Miami, FL 33126) *with* Doc. 6 in 25-cv-01304-JB-SCY (motion from Haymel De La Vega in a related habeas case, which lists the identical address).   The Response ostensibly lists Plaintiff's name in the signature block, but it is not personally signed by Plaintiff as required by the prior Order.   The Response also fails to list Plaintiff's address, aside from stating Plaintiff resides in Ecuador.   *See* Doc. 10 at 1.   The Response states that all mailings should be sent to Haymel De La Vega's address in Miami, Florida. *Id.*

The Court has already ruled that it will not consider filings in this case from *pro se* party Haymel De La Vega, nor can that individual continue prosecuting the case on Plaintiff's behalf. *See Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding *pro se* individuals cannot represent other *pro se* litigants, as "the competence of a layman is clearly too

2

limited to allow him to risk the rights of others"); *Amaro v. Att'y Gen. for New Mexico*, 781 Fed. App'x 693, 695 (10th Cir. 2019) (affirming dismissal of class action claims because a *pro se* petitioner cannot represent other parties).   Because Plaintiff failed to personally sign the Response as directed, and because he failed to advise the Court of his current address, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."   *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   The dismissal is without prejudice, and it "does not count as a strike under [28 U.S.C.] § 1915(g)."   *Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing between procedural dismissals under Rule 41(b) and screening dismissals for failure to state a claim).   The Court will also deny Plaintiff's pending motions to proceed *in forma pauperis* and for injunctive relief (Docs. 3, 4) as moot.   The parties are reminded that while Plaintiff himself can refile the civil rights claims, Haymel De La Vega cannot refile this case or otherwise litigate civil claims on Plaintiff's behalf.

**IT IS ORDERED** that this case, including Plaintiff's Complaint for Violation of Civil Rights (**Doc. 1**) is **DISMISSED without prejudice**; his Motions to Proceed *In Forma Pauperis* and for Injunctive Relief (**Docs. 3, 4**) are **DENIED as moot;** and the Court will enter a separate judgment closing the civil rights case.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3